20402

AIKEN COUNTY, Respondent, v. Mary C. BAKER, Appellant.
(234 S. E. (2d) 226)

*Robert M. Bell, Esq.,* of Langley, *for Appellant.*

*Messrs. Douglas S. Garvin,* of Aiken, *Robert McC. Figg, Jr.,* of Columbia, and *Huger Sinkler,* of Charleston, *for Respondent.*

April 14, 1977.

*Per Curiam:*

Aiken County commenced this condemnation proceeding pursuant to Chapter 3, Title 25, Code of Laws for the State of South Carolina (1962, as amended), by filing its petition with the Clerk of Court for Aiken County, South Carolina on December 1, 1976. The County seeks to condemn portions of certain parcels of real property situate in said County for temporary and permanent easements relative to the trunkline phase of Horse Creek Basin Waste Water Treatment Project. As required by the provisions of the above stated statutory procedure, the petition was for the threefold purpose of (a) validating the right of Aiken County to require the proposed easements, (b) setting an amount of security to be deposited by the Court with the Clerk of Court in the event possession needed to be taken of the land prior to the disposition of the condemnation proceedings, and (c) setting the procedure for determining the amount of compensation to be paid. Mary U. Baker, the Appellant, is one of the landowners whose property is being condemned under the proceeding. After having been duly served and having her property posted, in accordance with the service statutes concerning this type of proceeding, Ms. Baker, along with numerous other landowners, filed her "DEMAND FOR JURY TRIAL, OBJECTION FOR CONDEMNATION AND DEMAND FOR RELIEF." The power of Aiken County

to condemn, under the provisions of Chapter 3, Title 25 was not questioned by Appellant; however, in her "DEMAND FOR JURY TRIAL, OBJECTION FOR CONDEMNA- TION AND DEMAND FOR RELIEF", Appellant protested Aiken County's right to condemn in the instant case.

The matter came to be heard in accordance with the requirements of the Statute on January 11, 1977, for the purpose of disposing of the issues raised in the petition. From said hearing, the Honorable E. Harry Agnew, Presiding Judge of the Second Judicial Circuit, issued his Order dated 18 Jannuary, 1977, in which he validated the Respondent's right to proceed with the condemnation and in which he further held that the Horse Creek Basin Waste Water Treatment Project would impose no liability or obligation whatsoever upon the general fund of Aiken County because of certain contract provisions in the service contracts between the County and the four initial customers of the Project, namely: The City of Aiken, The City of North Augusta, Graniteville Company, and United Merchants & Manufacturing Co., Inc. The Order further authorized the County to acquire title to the subject properties upon making the required deposit. From this Order, Ms. Baker takes her appeal, due notice thereof having been given on the 28th day of January, 1977.

The gist of Appellant's (landowner) exception to the Order of the lower court is the contention that the acquisition of the easements may possibly hereafter subject the general funds of Aiken County to liability which is contrary to the authority granted by the electorate in the referendum held pursuant to Article VIII, Setcion 16 of the South Carolina Constitution.

In effect the Appellant asks this Court to determine from which fund (project money or Aiken County tax money) a future claim might be paid if it arises out of the development and/or operation of the project. That matter can best be determined when and if such a claim arises when the claimant is before the court. In any event the possibility of such a

claim does not affect the constitutionality of the act nor the right of Aiken County to proceed with the condemnation hearing and acquisition of needed property.

We find the exceptions of the Appellant to be without merit and the Order of the lower court is

Affirmed.